IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASMINE JOHNSON                                                                                    PLAINTIFF

        v.                                    Civil No. 12-2126

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Jasmine Johnson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

      The Plaintiff filed her applications for SSI on May 11, 2011, alleging an onset date of May 11, 2011, due to bipolar disorder, attention deficit disorder, and anxiety. Tr. 108-113, 134, 137, 174-175, 187, 206, 216, 223. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 53-54, 63-69. An administrative hearing was held on December 20, 2011. Tr. 25-52. Plaintiff was present and represented by counsel.

      At the time of the hearing, Plaintiff was 19 years old and possessed the equivalent of a high school education. Tr. 30, 134, 188. She had no past relevant work ("PRW") experience. Tr. 32-33, 164, 167-173, 187.

      On January 20, 2012, the ALJ found Plaintiff's asthma, attention deficit hyperactivity disorder ("ADHD"), and mood disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially

discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work except the claimant must work in a controlled environment where she is not exposed to dust, fumes, smoke, or temperature extremes, and is limited to work involving simple tasks and simple instructions. Tr. 14-19. With the assistance of a vocational expert, the ALJ found Plaintiff could return to her PRW as a production assembly worker (hardware assembler and metal furniture assembler) and hand packer. Tr. 19-20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 20, 2012. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 5. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 12.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical

records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, Plaintiff has been diagnosed with a variety of mental impairments, making this case more difficult. The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

4

Plaintiff has been diagnosed with ADHD, intermittent explosive disorder, borderline intellectual functioning, anxiety disorder, mood disorder, and borderline personality traits. Tr. 232, 233, 234, 255, 259-277, 279-285, 380-389, 390-405, 406, 407, 419-424. The evidence makes clear that Plaintiff does not get along well with others. She admitted to pulling a knife on another person, in defense of her sister, for which she was criminally charged; threatening others; and writing someone a letter telling them she wanted to kill them. In fact, as recently as September 2011, Plaintiff had been involved in a fight because another girl stopped to speak to her boyfriend. Notations concerning anger outbursts, mood swings, and irritability are pervasive in the record.

Likewise, records also document suicidal ideations, death wishes, and suicide attempts. Plaintiff stated that her boyfriend had stopped her from committing suicide on a number of occasions. However, she stated that she continues to cut herself and make suicide threats. And mental evaluations from Perspectives Behavioral Health and Dr. Patricia Walz indicate that her global assessment of functioning ("GAF") scores during the relevant timer period have ranged from 45 to 55, with the most commonly assessed scores being between 45 and *47. See Kluesner v. Astrue*, 607 F.3d 533, 535 (8th Cir. 2010) (GAF is a numerical assessment between zero and 100 that reflects a mental health examiner's judgment of the individual's social, occupational, and psychological function). We note that these scores are indicative of serious symptoms or serious impairments in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000). And, while records do document some improvement in Plaintiff's depression and anxiety with the addition of Fluoxetine to her medication regimen, it does not appear that this medication had any impact on Plaintiff's other mental impairments. Her GAF scores remained low, even after the medication was prescribed, indicating, as acknowledged by the ALJ, that her mental health treatment was not effective in treating all of her symptoms. Accordingly, given the ALJ found only that Plaintiff could perform work involving simple tasks and simple instructions, we believe that remand is necessary to allow the

AO72A
(Rev. 8/82)

ALJ to reevaluate Plaintiff's ability to work in proximity to others. On remand, Plaintiff's treating doctors/therapists should be asked to complete mental RFC assessments containing specific questions regarding Plaintiff's ability to work with co-workers, supervisors, and the general public.

V.     **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of July 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE